[Civ. No. 20556. Second Dist., Div. One. Jan. 25, 1955.]

EDWARD JOHN KLASSEN et al., Appellants, v. E. STEINKAMP, INC., Respondent.

Charles L. Nichols, Ivan Miller, Richard Harker and R. S. McLaughlin for Appellants.

Lehman & Van Buskirk, M. Lewis Lehman and Wayne L. Van Buskirk for Respondent.

WHITE, P. J.—This is an appeal by Mr. and Mrs. Klassen, hereinafter referred to as "appellants," from a judgment against them and in favor of E. Steinkamp, Inc., a California corporation, hereinafter referred to as "respondent." The judgment of the trial court is that appellants take nothing by their action and that respondent take from them "the sum of $1,250.00 with interest thereon at the rate of 4% per annum from December 13, 1948," and costs.

The action was tried upon appellants' seventh amended complaint, hereafter for convenience referred to as "the complaint," and respondent's answer and counterclaim. The complaint alleges four causes of action, to wit: (1) money had and received in the sum of $19,019.00; (2) rescission of purchase of real property; (3) damages for breach of contract in the sum of $34,519.00; and (4) "both in promissory estoppel and the reliance theory of tort recovery," as designated by appellants. The judgment for respondent is based upon the promissory note described in the counterclaim.

Appellants contend that findings 12, 13, 14, 15 and 19 are not supported by any evidence, and that, for that reason, the judgment must be reversed.

There is no claim that findings 1 to 11, inclusive, and 16 to 18, inclusive, are not in accord with the record. A brief summary of those findings follows.

May 6, 1948, appellants and respondent entered into a written agreement for the purchase and sale of improved real property hereafter designated as "the Chantilly prop-

erty'' for its then reasonable value, $45,500, ''to be paid $12,500.00 in cash and the balance evidenced by a note in the sum of $17,500.00, secured by a first Deed of Trust on said property and a second note in the sum of $15,500.00, payable one year from date thereof, secured by a second Deed of Trust on said property. Said agreement further provided that if Lot 2 of Tract 13077, owned by plaintiffs, was sold within a year, the sum of $15,500.00 was to be applied to the above-described second Deed of Trust on the Chantilly property, but that the sale of the Chantilly property was not contingent upon the sale of said lot.''

May 14, 1948, escrow instructions, which ''did not vary or change the terms or provisions of said written agreement,'' were executed. The escrow was completed. When appellants executed the agreement and escrow instructions, they had a net financial worth in excess of $300,000. From the close of escrow to the last day of the trial, they resided at and occupied the Chantilly property.

After the close of escrow, respondent tried to sell Lot 2 for appellants, ''but was unable to sell same despite its efforts.'' An extension was obtained on the due date on the deed of trust note on said Lot 2. September 13, 1948, appellants executed and delivered to respondent the promissory note for $1,250, set out by respondent's counterclaim and no part of principal or interest had been paid. November 21, 1948, appellants signed a written statement that they had no claim, offset or defense to the second deed of trust note on the Chantilly property. The extension of time on the trust deed note on Lot 2 expired, and the second trust deed note on the Chantilly property came due. For a period of from eight to nine months prior to the foreclosure on October 21, 1949, of said deed of trust on Lot 2, and the foreclosure on October 14, 1949, of the second deed of trust on the Chantilly property, appellants did nothing to prevent said foreclosures or to arrange to pay the obligations in connection therewith.

There ''was no joint venture of any nature whatsoever'' between respondent and any of the other defendants pertaining to the purchase and sale of the Chantilly property.

Appellants urge that findings 12, 13, 14, 15 and 19 ''are repugnant not only to the substantial weight of the evidence but to all of the evidence''; and that proper findings should be made by the appellate court under section 956-a of the Code of Civil Procedure. On the other hand, respondent contends that these findings and all others are ''substantially

supported by all the evidence and fully in conformity therewith." Hereafter said findings are quoted in full.

"12. That it is not true that this defendant, or the other defendants herein, made any oral representations to the plaintiffs that they would sell Lot 2, that the purchase of the Chantilly property was contingent upon the sale of Lot 2, that they would sell Lot 2 before the first Deed of Trust note thereon became due or that said defendants understood that the only source from which the second Deed of Trust note on said Chantilly house could be paid were the proceeds from the sale of said Lot 2.

"13. That it is not true that the plaintiffs relied upon any statements made by this defendant, or other defendants, with respect to attempts that were to be made to sell Lot 2, and it is further not true that plaintiffs refrained from discharging the obligation on Lot 2 or the junior obligation on the Chantilly house because of any acts or promises of this defendant, or the other defendants.

"14. That it is true that said agreement of May 6, 1948, and said Escrow Instructions of May 14, 1948, represented the entire agreement between this defendant and the plaintiffs with respect to the purchase of the Chantilly house.

"15. That it is true that the foreclosures were effected on the Deed of Trust on Lot 2 and on the junior Deed of Trust on the Chantilly property solely because plaintiffs refused and failed to pay said obligations and each of them when same became due.

. . . . . . . . . . . . . .

"19. Except as hereinabove specifically found, all of the allegations of plaintiffs' complaint and plaintiffs' answer to counterclaim or cross-complaint are untrue and all of the allegations of this defendant's answer are true."

The record before us contains the testimony of appellants and their daughter, as well as that of two real estate brokers employed by respondent, respecting several conversations had prior to May 6, 1948, when the agreement in writing was signed. In said conversations appellant told respondent's agents that he had to use his equity in Lot 2 to pay for the Chantilly property. Respondent's said agents told appellants that respondent would not take the lot as a "trade-in," but they would work out a deal. Appellants' own testimony is that respondent's said agents did not guarantee to sell Lot 2, but that they did "promise to attempt to sell it." There is testimony that respondent's said agents told appellants

that they might not be able to sell Lot 2 within a year and that Mr. Klassen said he "thought" it would be hard to find a buyer.

These appellants are not ignorant and inexperienced buyers who were high pressured into signing papers without an opportunity to read them. Both appellants are conversant with the English language; and Mr. Klassen was, at the time the deal was made, the owner and manager of a manufacturing business developed by him in a few years from a starting capital of $30 to a net worth in excess of $300,000, and an annual income exceeding $75,000.

Appellants' testimony is that they were given time to read the agreement and other papers, they "could have read" them; they "might have read them"; and they "must have read part of" the deposit agreement. The language of the agreement which they seek to nullify is not contained in the fine print. It was inserted in the blank space provided for special terms.

One of respondent's agents testified that appellant Klassen read the language on the deposit agreement,—"If Lot 2, Tract No. 13077, owned by Mr. Klassen is sold within a year or sooner, the proceeds in the amount of $15,500.00 will be applied to 2nd T. D. noted above, but not contingent of sale of said lot"—, and that Mr. Klassen said "It wouldn't make any difference if it wasn't sold in a year, because by that time he (Klassen) would be in a better financial condition."

We find no merit in appellants' contention that the evidence does not support the findings above quoted. And it is too clear to need citation of authority that, where a finding is supported by any substantial evidence, contradicted or uncontradicted, it will not be disturbed on appeal.

The conclusion at which we have arrived that the evidence supports the findings and judgment renders unnecessary a discussion of other points argued in the briefs.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.